| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **Hearing Date: February 22, 2011** |
| **EASTERN DISTRICT OF NEW YORK** | **Time: 11:00 a.m.** |

---------------------------------------------------------x

In re:                                                                     Chapter 11

      **347 Linden LLC,**                          Case No. 10-50413-jbr

                          **Debtor.**

---------------------------------------------------------x


**DEBTOR'S OBJECTION TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR ENTRY OF AN ORDER (A) DISMISSING CHAPTER 11 CASE; OR ALTERNATIVELY, (B) MODIFYING AUTOMATIC STAY**


**TO THE HONORABLE JOEL B. ROSENTHAL**
**UNITED STATES BANKRUPTCY JUDGE:**

      347 Linden LLC, the debtor and debtor-in-possession herein (the "Debtor"), by its attorneys, Law Offices of David Carlebach, Esq., as and for its objection to the Motion (the "Motion") of Federal National Mortgage Association ("Fannie Mae"), for entry of an order (A) Dismissing Chapter 11 Case; or, Alternatively, (B) Modifying Automatic Stay, respectfully represents as follows:


(A)    **THE MOTION MUST BE DENIED SINCE FANNIE MAE FAILED TO COMPLY WITH NUMEROUS PROCEDURAL REQUIREMENTS UNDER THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL RULES OF BANKRUPTCY COURT FOR THE EASTERN DISTRICT AND JUDGE ROSENTHAL'S INDIVIDUAL PROCEDURES;**

(B)    **CONTRARY TO FANNIE MAE'S ASSERTIONS, THIS CHAPTER 11 CASE IS NOT A BAD FAITH FILING, AND WAS FILED WITH THE INTENTION TO REORGANIZE FOR THE BENEFIT OF THE DEBTOR AND ALL CREDITORS;**

(C)    **FANNIE MAE IS NOT ENTITLED TO RELIEF UNDER SECTION 362(d)(1) OF THE BANKRUPTCY CODE BECAUSE IT IS ADEQUATELY PROTECTED SINCE THE DEBTOR IS UP TO DATE ON ALL OF ITS ADEQUATE PROTECTION PAYMENTS;**

**(D)** **FANNIE MAE IS NOT ENTITLED TO RELIEF UNDER SECTION 362(d)(2) OF THE BANKRUPTCY CODE BECAUSE THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION; AND**

**(E)** **FANNIE MAE FAILS TO OFFER ANY BASIS FOR A WAIVER OF THE 14 DAY STAY IMPOSED BY RULE 4001(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.**

## GENERAL BACKGROUND

1. On November 3, 2010, the Debtor filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York. The Debtor has continued in the possession of its property and the management of its business as a debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed herein, nor have any official committees been appointed in this case.

3. The Debtor is a single asset real estate case as that term is defined pursuant to 11 U.S.C. § 101(51)(B).

4. The Debtor's primary asset is the property located at 347 Linden Street, Brooklyn, New York (the "Property"), which is a multiple use building with 14 residential units and 2 commercial units.

5. Fannie Mae holds a secured lien against the Property in the approximate amount of $1.4 million.

6.  There are five creditors holding unsecured claims in the total amount of $4,250,965.58, with Creditor The Pratt Park Group[1] ("Pratt Park") holding a $4,100,000 claim.

7.  On December 8, 2010, the Court entered its Second Interim Order Authorizing Debtor to use Cash Collateral of Federal National Mortgage Association and Providing Adequate Protection. Exhibit B. This order provided for the Debtor to make adequate protection payments to Fannie Mae for the months November 2010 through January 2011. See, Exhibit B, at 6 and 7.

8.  On January 18, 2011, the Court entered its Final Order Authorizing Debtor to Use Cash Collateral of Federal National Mortgage Association and Providing Adequate Protection. Exhibit C. This order provided for the Debtor to make adequate protection payments to Fannie Mae for February 2011. See, Exhibit C, at 5 and 6.

9.  On January 18, 2011, the Debtor delivered to Fannie Mae $28,259.46, which were the adequate protection payments for November 2010 through January 2011.

10. On February 15, 2011, the Debtor delivered to Fannie Mae $7,495.53 for the February 2011 adequate protection payment.

11. Thus, the Debtor is current on its adequate protection payments to the Debtor.

12. On February 16, 2011, the Debtor filed its Chapter 11 Reorganization Plan. See, Chapter 11 Plan, Exhibit D, and ECF Docket Nos. 46 and 45 (Chapter 11 Plan and Disclosure Statement).

13. Therein, the Debtor details how it will reorganize through the income generated by the Property, and how all creditors, not just Fannie Mae, will get paid in full.

---

[1] Fannie Mae erroneously states that Pratt Park is a "co-debtor". See, Motion, ¶ 28. However, as seen on Schedule H (annexed hereto as Exhibit A), the entity "The Vineyard Complex, LLC" is a co-debtor, while Pratt Park is the creditor.

# ARGUMENT

## I

**THE MOTION MUST BE DENIED SINCE FANNIE MAE FAILED TO COMPLY WITH NUMEROUS PROCEDURAL REQUIREMENTS UNDER THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL RULES OF BANKRUPTCY COURT FOR THE EASTERN DISTRICT AND JUDGE ROSENTHAL'S INDIVIDUAL PROCEDURES**

**A.    Service of the Motion was Defective under FRBP 2002(j)**

14.    Fannie Mae filed its Affidavit of Service for the Motion on February 16, 2011. Exhibit E.

15.    Aside from it being filed untimely, and thus, mandating the denial of the Motion (as seen immediately following), the Affidavit of Service shows that service of the Motion was defective since Fannie Mae failed to serve the Internal Revenue Service.

16.    In that regard, FRBP 2002(j)(3) provides that copies of notices required to be mailed to all creditors (as with this Motion, see, FRBP 2002(a)(4)) must also be mailed to the Internal Revenue Service. The Affidavit of Service shows that Fannie Mae failed to mail the notice to the IRS.

17.    Thus, the Motion must be denied due to failure of proper service.

**B.     The Affidavit of Service was not Timely Filed, and, thus, Cannot be Considered by the Court**

18.     In addition, the Motion is defective since the Affidavit of Service was not timely filed, and, thus, the Court cannot consider it. Therfore, the Motion must be denied since there is no evidence of service.

19.     In that regard, Rule 9013-1(e) of the Local Rules for the Bankruptcy Court for the Eastern District of New York (the "Local Rules") provides that all motion should be filed with proof of service. Notable, Fannie Mae filed the Affidavit of Service, which states that the notice of motion was served on January 14, 2011, on February 16, 2011.

20.     This is in clear violation of, not only Rule 9013-1(e), but Rule 9006-1(b), as well.

21.     Rule 9006-1(b) provides all motions shall be filed no later than the day after the date of service.

22.     Thus, the Affidavit of Service, which is required to be filed with the Motion, no later than one day after service, is clearly untimely in violation of Rule 9006-1(b).

23.     As the Individual Procedures of Judge Rosenthal provide that "**Any late filed papers may not be read and/or taken into consideration by the Court**" [emphasis in the original], the untimely filed Affidavit of Service may not be considered by the Court[2]. As there is no proof of service before the Court to consider, the Motion must be denied.

---

[2]Fannie Mae has filed a paper citing to the late filed nature of the within pleadings. [ECF Docket No. 42] These papers were filed a day late. This does not prevent Fannie Mae from, subsequent thereto, after being alerted by counsel herein, filing its Affidavit of Service 31 days late.

### C. The Motion Should be Denied due to Fannie Mae's Failure to Comply with Administrative Order 533

24. Furthermore, the Motion fails to include the completed form required for motions for relief from stay to foreclose on real property, as required by Administrative Order 533. Exhibit F. The Administrative Order provides that unexcused failure to comply with the order may constitute grounds for adjournment or denial of the motion.

25. As there seems to be no excuse for Fannie Mae's failure to comply with the Administrative Order, the Motion should be denied.

### D. The Motion Must be Denied Since it was Filed Over 30 Days Before the Return Date, in Violation of Rule 4001-1 of the Local Rules

26. Rule 4001-1 of the Local Rules provides that motions for relief from stay shall be made returnable within 30 days of the date filed.

27. As Fannie Mae filed the Motion - returnable on February 22, 2011 - on January 14, 2011, it is in violation of Rule 4001-1, and, thus, the Motion must be denied.

28. In summary, Fannie Mae's Motion does not even make it out of the starting gate and is functionally dead on arrival on these bases alone.

**II**

**CONTRARY TO FANNIE MAE'S ASSERTIONS, THIS CHAPTER 11 CASE IS NOT A BAD FAITH FILING, AND WAS FILED WITH THE INTENTION TO REORGANIZE FOR THE BENEFIT OF THE DEBTOR AND ALL CREDITORS**

**A.    This Case is not a Bad Faith Filing under 11 U.S.C. § 1112(b)**

29.    Fannie Mae argues that this case should be dismissed under 11 U.S.C. § 1112(b) ("Section 1112(b)") as a bad faith filing since this case was filed as a litigation tactic in a two party dispute between the Debtor and Fannie Mae, and that the Debtor has no intention of reorganizing.

30.    Nothing can be further from the truth.

31.    Firstly, not only is Fannie Mae not the only creditor in this case, but its $1.4 million claim is dwarfed by Pratt Park's $4.1 million claim. This bankruptcy case was filed to preserve the Debtor's sole asset and use its income to pay off, not only Fannie Mae, but the other creditors, including Pratt Park, as well.

32.    The fact that the Debtor has filed its Chapter 11 Plan, which provides for the payment of all creditors in full, shows that the Debtor has the intention, and ability to reorganize.

33.    Accordingly, there is no basis to dismiss this case pursuant to Section 1112(b), and, thus, the Motion must be denied.

**B.     There is no Basis to Dismiss this Case for the Best Interests of the Debtor and its Creditors under 11 U.S.C. § 305(a)(1)**

34.     Fannie Mae further argues that dismissal is warranted under 11 U.S.C. § 305(a)(1) ("Section 305(a)(1)") for the best interests of the Debtor and its creditors. In support, Fannie Mae essentially sets forth the same assertion which it claims merit dismissal under Section 1112(b).

35.     However, as with Section 1112(b), dismissal is also not warranted under Section 305(a)(1). This is because Section 305(a)(1) is concerned with the interest of all creditors and the Debtor, not just Fannie Mae. As set forth in the Chapter 11 Plan, all creditors will be paid in full upon confirmation. Having the case dismissed and Fannie Mae continue the foreclosure would result in only Fannie Mae getting paid, while all other creditors, with claims totaling $4,250,965.58, would get nothing.

36.     Thus, the factors under Section 305(a)(1) do not favor dismissal.

37.     First, the foreclosure action in State Court will not protect the interests of all creditors, only Fannie Mae.

38.     Second, the federal bankruptcy proceeding is needed to achieve a just and equitable distribution to all creditors, and this cannot be achieved in State Court.

39.     Third, the purpose for which bankruptcy jurisdiction was sought was to preserve the Debtor's sole asset and pay off all creditors in full, which favors continuing under bankruptcy court jurisdiction.

40.     Accordingly, there is no basis to dismiss this case pursuant to Section 305(a)(1), and, thus, the Motion must be denied.

### III

**FANNIE MAE IS NOT ENTITLED TO RELIEF UNDER SECTION 362(d)(1) OF THE BANKRUPTCY CODE BECAUSE THIS WAS NOT A BAD FAITH FILING AND IT IS ADEQUATELY PROTECTED SINCE THE DEBTOR IS UP TO DATE ON ALL OF ITS ADEQUATE PROTECTION PAYMENTS**

41.     Section 362(d)(1) of the Bankruptcy Code ("Section 362(d)(1)") provides that relief from the stay may be granted-

> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d)(1).

42.     With respect to the definition of adequate protection § 361 of the Code ("Section 361") provides as follows:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by-
>
> (1)     requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2)     providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3)     granting such other relief, other than entitling such entity to compensation allowable under section

> 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property. [Emphasis added].

11 U.S.C. § 361

43. Thus, Section 361 provides for three alternative means of providing adequate protection. All of those means are intended only to protect the secured creditor against a <u>decrease</u> in the value of the subject property. <u>See</u>, <u>In re Pine Lake Village Apartment Co.</u>, 19 B.R. 819, 825 (Bankr. S.D.N.Y. 1982) (<u>citing</u>, <u>In Re Alyucan Interstate Corp.</u>, 12 B.R. 803, 808 (Bankr. D. Utah 1981)).

44. In the case at bar, Fannie Mae's allegations concerning lack of adequate protections rest solely on the Debtor's not making adequate protection payments to Fannie Mae.

45. However, as set forth above, the Debtor is current on its adequate protection payments due to Fannie Mae under the Court's December 8, 2010 and January 18, 2011 orders. Thus, Fannie Mae is adequately protected.

46. Fannie Mae also argues that "cause" exists under Section 362(d)(1) based on bad faith filing. However, as set forth above, this is not a bad faith filing. Rather, it is a filing to reorganize for the benefit of the Debtor and all Creditors.

47. Fannie Mae also points to Paragraph 16(b) of the Forbearance Agreement, which contains a clause stating that the Debtor acknowledges it has no good faith basis to oppose a lift stay motion upon the Debtor's default. <u>See</u>, <u>Motion</u>, ¶ 59.

48. However, this clause is unenforceable, since it is, in effect, a pre-petition waiver of a benefit of the Bankruptcy Code, i.e., the benefit of the automatic stay. <u>See</u>, <u>In re Fallick</u>, 369 F.2d 899, 904 (2d Cir. 1966)("an advance agreement to waive the benefits of the [Bankruptcy] Act would

be void"); In re Pease, 195 B.R. 431, 433 (Bankr. D.Neb. 1996)(holding that a pre-bankruptcy debtor does not have the "capacity to waive rights bestowed by the Bankruptcy Code upon a debtor in possession, particularly where those rights are as fundamental as the automatic stay.")

49. In this case, the clause in the Forbearance Agreement amounts to a waiver of the benefits of the automatic stay, since, as set forth herein, the Debtor is entitled to the automatic stay, and no reason exists to lift the stay.

50. Accordingly, there is no basis to lift the automatic stay pursuant to Section 362(d)(1), and, thus, the Motion should be denied.

### IV

**FANNIE MAE IS NOT ENTITLED TO RELIEF UNDER SECTION 362(d)(2) OF THE BANKRUPTCY CODE BECAUSE THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION**

51. Section 362(d)(2) of the Bankruptcy Code ("Section 362(d)(2)") states in pertinent part as follows:

> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

52. There is no basis to lift the automatic stay pursuant to Section 362(d)(2) since the Property is necessary to an effective reorganization.

53. In the first instance, as set forth above, the Debtor is a single asset real estate under 11 U.S.C. § 101(51)(B). The Debtor requires the Property for an effective reorganization, since, as set forth in its plan of reorganization (Exhibit D), it will use the income of the Property, i.e., its sole asset, to reorganize.

54. More importantly, the property is **essential to an effective reorganization that is in prospect.** United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365 (1988).

55. In that regard, it must be noted that under section 362(d)(2), the Debtor is not required to satisfy conclusively that a particular plan will be confirmed. In re Ledgemere Land Corp., 125 B.R. 58, 64 (Bankr. D.Mass. 1991). Section 362(d)(2) subjects to scrutiny only the Debtors' general ability to reorganize. Id at 65. Accord, In re Terrace Gardens Park Partnership, 96 B.R. 707,712 (Bankr. W.D. Tex. 1989).

56. In In re Kent Terminal, Corp, 166 B.R. 555,560 (Bankr. S.D.N.Y. 1994), the Court explained the distinction between the lesser evidentiary burden of a debtor on a 362 motion versus the greater evidentiary burden required under an 1129 feasibility\confirmation analysis, as follows:

> one of the key differences between a § 362(d)(2) analysis and a § 1129 analysis is the level of scrutiny used by a court in reviewing the debtor's feasibility evidence. In the run-of-the-mill relief from stay motion a debtor need not satisfy the higher level of scrutiny imposed in a confirmation hearing. The debtor need only show that its proposed plan has a reasonable possibility or probability of achieving confirmation. By comparison feasibility at confirmation is defined under § 1129(a)(11). In construing this section and in particular, Congress' use of the word "likely" most courts require that a plan offer a probability of success rather than a mere possibility.

57. In the instant case the Debtor has filed its plan of reorganization. As seen therein, the Debtor plans to reorganize using the income from the Property, and that such reorganization will be successful.

58. Accordingly, the Debtor has met its burden of proof to show that the Property is necessary for an effective reorganization.

59. Based on the foregoing, there is no basis to lift the stay pursuant to Section 362(d)(2), and the Motion should be denied.

**V**

**FANNIE MAE'S REQUEST FOR A WAIVER OF THE 14 DAY STAY IMPOSED BY RULE 4001(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE MUST BE DENIED, SINCE FANNIE MAE FAILS TO OFFER ANY BASIS FOR A WAIVER OF THE 14 DAY STAY IMPOSED BY RULE 4001(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

60. Finally, Fannie Mae's request for a waiver of the 14 day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure ("Rule 4001(a)(3)") must be denied.

61. In the first instance, as set forth above, Fannie Mae is not entitled to an order lifting the stay, and, thus, the request is moot.

62. Furthermore, Fannie Mae offers no reason, and indeed, fails to mention any basis warranting such a waiver of a basic fundamental bankruptcy right. In point of fact, Fannie does little more than include the waiver of the Rule 4001(a)(3) in its proposed order.

63. Accordingly, the portion of the Motion requesting a waiver of the 14 day stay imposed by Rule 4001(a)(3) must be denied.

**WHEREFORE,** the Debtor respectfully requests that the Court deny Fannie Mae's Motion in its entirety and grant such other, further and different relief as is just and proper.

Dated:   New York, New York
         February 16, 2011

        **LAW OFFICES OF DAVID CARLEBACH**, **ESQ.**
        Attorney for the Debtor

        By: s/David Carlebach (DC-7350)
        David Carlebach (DC-7350)
        40 Exchange Place
        New York, New York 10005
        (212) 785-3041